PROB 22
(Rev. 2/88)

JUDGE FRANK MONTALVO

**TRANSFER OF JURISDICTION**   EP 17 CR 0770

DOCKET NUMBER *(Tran. Court)*
5:15CR01415-001RB

DOCKET NUMBER *(Rec. Court)*

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| | New Mexico | |
| Claudia Berenice Hernandez | NAME OF SENTENCING JUDGE | |
| | Robert C. Brack, United States District Judge | |

| DATES OF PROBATION/ SUPERVISED RELEASE | FROM | TO |
|---|---|---|
| | 02/02/2017 | 02/01/2019 |

**OFFENSE**
Ct. 1: Conspiracy to Possess with Intent to Distribute 50 Kilograms and More of a Mixture and Substance Containing a Detectable Amount of Marijuana in violation of 21 U.S.C. § 846
Ct. 2: Money Laundering Conspiracy in violation of 18 U.S.C. § 1956(h)
Cts. 6, 11, 13, 18, 21, 25, 28, 30, 34, 36, 39: Possession With Intent to Distribute Marijuana in violation of 21 U.S.C. §
841(b)(1)(D)
Cts. 19 and 42: Money Laundering in violation of 18 U.S.C. Sec. 841(b)(1)(D)

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____   DISTRICT OF ___ New Mexico*

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the Western District of Texas upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

_04.21.17_
Date

_____
United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE ___ Western ___   DISTRICT OF ___ Texas ___

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

_4.27.17_
Effective Date

_____
United States District Judge

Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## District of New Mexico

UNITED STATES OF AMERICA

V.

**CLAUDIA BERENICE HERNANDEZ**

**Judgment in a Criminal Case**

Case Number: **5:15CR01415-008RB**
USM Number: **80875-051**
Defendant's Attorney: **Santiago David Hernandez (Retained)**

## THE DEFENDANT:

☒ pleaded guilty to count(s) 1, 2, 6, 11, 13, 18, 19, 21, 25, 28, 30, 34, 36, 39, and 42 of the Indictment.

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☐ was found guilty on count(s) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. Sec. 846 | Conspiracy to Violate 21 U.S.C. 841(b)(1)(C) | 04/22/2015 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s).

☐ Count(s) dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**02/01/2017**
Date of Imposition of Judgment

**/s/ Robert C. Brack**
Signature of Judge

**Honorable Robert C. Brack**
**United States District Judge**
Name and Title of Judge

**02/02/2017**
Date

AO 245B (Rev 11/16) Judgment in a Criminal Case
Sheet 1A

DEFENDANT: CLAUDIA BERENICE HERNANDEZ
CASE NUMBER: 5:15CR01415-008RB

## ADDITIONAL COUNTS OF CONVICTION

| Title and Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. Sec. 1956(h) | Money Laundering Conspiracy | 04/11/2015 | 2 |
| 21 U.S.C. Sec. 841(b)(1)(D) | Possession With Intent to Distribute Marijuana | 11/25/2014 | 6 |
| 21 U.S.C. Sec. 841(b)(1)(D) | Possession With Intent to Distribute Marijuana | 01/15/2015 | 11 |
| 21 U.S.C. Sec. 841(b)(1)(D) | Possession With Intent to Distribute Marijuana | 01/17/2015 | 13 |
| 21 U.S.C. Sec. 841(b)(1)(D) | Possession With Intent to Distribute Marijuana | 01/31/2015 | 18 |
| 18 U.S.C. Sec. 1956(a)(1)(B)(i) | Money Laundering | 01/31/2015 | 19 |
| 21 U.S.C. Sec. 841(b)(1)(D) | Possession With Intent to Distribute Marijuana | 02/01/2015 | 21 |
| 21 U.S.C. Sec. 841(b)(1)(D) | Possession With Intent to Distribute Marijuana | 02/14/2015 | 25 |
| 21 U.S.C. Sec. 841(b)(1)(D) | Possession With Intent to Distribute Marijuana | 02/18/2015 | 28 |
| 21 U.S.C. Sec. 841(b)(1)(D) | Possession With Intent to Distribute Marijuana | 02/21/2015 | 30 |
| 21 U.S.C. Sec. 841(b)(1)(D) | Possession With Intent to Distribute Marijuana | 03/06/2015 | 34 |
| 21 U.S.C. Sec. 841(b)(1)(D) | Possession With Intent to Distribute Marijuana | 03/06/2015 | 36 |
| 21 U.S.C. Sec. 841(b)(D) | Possession With Intent to Distribute Marijuana | 03/28/2015 | 39 |
| 18 U.S.C. Sec. 1956(a)(1)(B)(i) | Money Laundering | 03/28/2015 | 42 |

Case 5:15-cr-01415-RB   Document 260   Filed 02/02/17   Page 3 of 7

ÀO 245B (Rev 11/16) Judgment in a Criminal Case
Sheet 2 - Imprisonment

Judgment - Page 3 of 7

DEFENDANT: **CLAUDIA BERENICE HERNANDEZ**
CASE NUMBER: **5:15CR01415-008RB**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **12 months and 1 day.**

A term of 12 months and 1 day imprisonment is imposed as to each of Counts 1, 2, 6, 11, 13, 18, 19, 21, 25, 28, 30, 34, 36, 39, 42; said terms shall run concurrently.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at on .
    ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on .
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
_____ at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev 11/16) Judgment in a Criminal Case
Sheet 3 – Supervised Release

Judgment - Page 4 of 7

DEFENDANT: CLAUDIA BERENICE HERNANDEZ
CASE NUMBER: 5:15CR01415-008RB

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: 2 years .
A term of 2 years Supervised Release is imposed as to each of Counts 1, 2, 6, 11, 13, 18, 19, 21, 25, 28, 30, 34, 36, 39, and 42.
Said terms shall run concurrently.

## MANDATORY CONDITIONS OF SUPERVISION

1. You must not commit another federal, state, or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(Check, if applicable.)*
4. ☒ You must cooperate in the collection of DNA as directed by statute. *(Check, if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state, local, or tribal sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence prevention. *(Check, if applicable)*
7. ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*
8. You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B (Rev 11/16)  Judgment in a Criminal Case
Sheet 5 – Special Conditions

Judgment - Page 6 of 7

DEFENDANT: **CLAUDIA BERENICE HERNANDEZ**
CASE NUMBER: **5:15CR01415-008RB**

## SPECIAL CONDITIONS OF SUPERVISION

**You must not use or possess alcohol.**

**You must not communicate, or otherwise interact, with codefendant(s)/coconspirator(s).**

**You must submit to a search of your person, property, residence, vehicle, papers, computers (as defined in 18 U.S.C. 1030(e)(1)), other electronic communications or data storage devices or media, or office under your control. The probation officer may conduct a search under this condition only when reasonable suspicion exists, in a reasonable manner and at a reasonable time, for the purpose of detecting illegal contraband . You must inform any residents or occupants that the premises may be subject to a search.**

**You shall not unlawfully possess a controlled substance.**

**You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).**

**NOTE: The Probation Office is encouraged to consider authorizing the defendant to travel to Mexico to see her family.**

U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _2_|_3_|_17_____

AO 245B (Rev 11/16) Judgment in a Criminal Case
Sheet 6 – Criminal Monetary Penalties

Judgment - Page 7 of 7

DEFENDANT: CLAUDIA BERENICE HERNANDEZ
CASE NUMBER: 5:15CR01415-008RB

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments.

☐    The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| | $1,500.00 | $0.00 | $0.00 | $0.00 |

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties; and (9) costs, including cost of prosecution and court costs.

Having assessed the defendant's ability to pay, payment of the total fine and other criminal monetary penalties is due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A   ☒   In full immediately; or

B   ☐   $ due immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**A Special Penalty Assessment of $100.00 is imposed as to each of Counts 1, 2, 6, 11, 13, 18, 19, 21, 25, 28, 30, 34, 36, 39, and 42, for a total of $1,500.00, which is due, in full, immediately.**

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the United States Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

15 APR 22  PM 6: 10

CLERK-LAS CRUCES

UNITED STATES OF AMERICA,            )
                                      )
                Plaintiff,            )   CRIMINAL NO. 15CR1415 RB
                                      )
        vs.                           )   Count 1:  21 U.S.C. § 846:  Conspiracy;
                                      )
RODOLFO LOPEZ,                        )   Count 2:  18 U.S.C. § 1956(h):  Money
MAYRA ELIZABETH MARTINEZ-GIRON,       )   Laundering Conspiracy;
CHRISTIAN HUGO CONTRERAS,             )
JESUS NOE LOPEZ-TELLEZ,               )   Counts 3 and 4:  21 U.S.C. § 856(a)(2):
HUGO ALEJANDRO LOPEZ-TELLEZ,          )   Managing or Controlling a Residence for
ANDREW OCANAS GARZA,                  )   the Purpose of Storing a Controlled
DOUGLAS K. MAYES,                     )   Substance;
CLAUDIA BERENICE HERNANDEZ,           )
OMAR ORTIZ,                           )   Counts 5, 9, 10, 12, 16, 17, 20, 24, 29 and
and ARTHUR LUNA,                      )   35:  21 U.S.C. § 843(b):  Use of a
                                      )   Communication Facility to Further the
                Defendants.           )   Commission of a Drug Trafficking
                                      )   Crime; 18 U.S.C. § 2:  Aiding and
                                      )   Abetting;
                                      )
                                      )   Counts 6, 8, 11, 13, 15, 18, 21, 23, 25,
                                      )   27, 28, 30, 32-34, 36, 38, 39, and 41:  21
                                      )   U.S.C. §§ 841(a)(1) and (b)(1)(D):
                                      )   Possession With Intent to Distribute
                                      )   Marijuana; 18 U.S.C. § 2:  Aiding and
                                      )   Abetting;
                                      )
                                      )   Counts 7, 14, 22, 26, 31, 37, and 40:  21
                                      )   U.S.C. §§ 841(a)(1) and (b)(1)(D):
                                      )   Distribution of Marijuana; 18 U.S.C. § 2:
                                      )   Aiding and Abetting;
                                      )
                                      )   Counts 19 and 42:  18 U.S.C.
                                      )   § 1956(a)(1)(B)(i):  Money Laundering;
                                      )   18 U.S.C. § 2:  Aiding and Abetting.

INDICTMENT

The Grand Jury charges:

<u>Count 1</u>

From on or about November 24, 2014, and continuing to on or about April 22, 2015, in Chaves County, in the District of New Mexico and elsewhere, the defendants, **RODOLFO LOPEZ, MAYRA ELIZABETH MARTINEZ-GIRON, CHRISTIAN HUGO CONTRERAS, JESUS NOE LOPEZ-TELLEZ, HUGO ALEJANDRO LOPEZ-TELLEZ, ANDREW OCANAS GARZA, DOUGLAS K. MAYES, CLAUDIA BERENICE HERNANDEZ, OMAR ORTIZ,** and **ARTHUR LUNA,** unlawfully, knowingly and intentionally combined, conspired, confederated, agreed and acted interdependently with each other and with other persons whose names are known and unknown to the Grand Jury to commit an offense against the United States, specifically, possession with intent to distribute marijuana, contrary to 21 U.S.C. §§ 841(a)(1).

<u>Quantity of Marijuana Involved in the Conspiracy</u>

With respect to **RODOLFO LOPEZ, MAYRA ELIZABETH MARTINEZ-GIRON, CHRISTIAN HUGO CONTRERAS, JESUS NOE LOPEZ-TELLEZ, HUGO ALEJANDRO LOPEZ-TELLEZ,** and **ANDREW OCANAS GARZA,** the amount involved in the conspiracy attributable to them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is 100 kilograms and more of a mixture and substance containing a detectable amount of marijuana, contrary to 21 U.S.C. § 841(b)(1)(B).

With respect to **DOUGLAS K. MAYES, CLAUDIA BERENICE HERNANDEZ, OMAR ORTIZ,** and **ARTHUR LUNA,** the amount involved in the conspiracy attributable to them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is 50 kilograms and more of a mixture and substance containing a detectable amount of marijuana, contrary to 21 U.S.C. § 841(b)(1)(C).

2

### Overt Acts

In furtherance of the conspiracy, and to accomplish the objectives of the conspiracy, the following acts, among others, were committed:

### Overt Act One

On November 24, 2014, in a telephone call, Christian Hugo Contreras agreed to send Hugo Alejandro Lopez-Tellez 31 pounds of marijuana, and 20 pounds of that marijuana would be delivered to Douglas K. Mayes for $7,000.

### Overt Act Two

On November 25, 2014, Christian Hugo Contreras sent 31 pounds of marijuana to Hugo Alejandro Lopez-Tellez with his couriers, Claudia Berenice Hernandez and Omar Ortiz, who transported it to Roswell, New Mexico.

### Overt Act Three

On November 25, 2014, Hugo Alejandro Lopez-Tellez delivered 20 pounds of marijuana to Douglas K. Mayes.

### Overt Act Four

On November 25, 2014, Douglas K. Mayes received 20 pounds of marijuana that he intended to give to other people.

### Overt Act Five

On December 4, 2014, in a telephone conversation, Jesus Noe Lopez-Tellez and Hugo Alejandro Lopez-Tellez discussed a marijuana delivery earlier that day to Jesus Noe Lopez-Tellez and Hugo Alejandro Lopez-Tellez' intent to send drug proceeds to Christian Hugo Contreras with his couriers.

3

## Overt Act Six

On December 4, 2014, in a telephone conversation, Jesus Noe Lopez-Tellez and Hugo Alejandro Lopez-Tellez discussed the drug business in Roswell, New Mexico, and that Hugo Alejandro Lopez-Tellez was charging Douglas K. Mayes $425 per pound of marijuana.

## Overt Act Seven

On December 15, 2014, in a telephone conversation, Christian Hugo Contreras offered to send Hugo Alejandro Lopez-Tellez 40 pounds of marijuana on December 19, 2014.

## Overt Act Eight

On December 18, 2014, in a telephone call, Christian Hugo Contreras told Hugo Alejandro Lopez-Tellez he would not be able to send 40 pounds of marijuana until December 20, 2014, and Hugo Alejandro Lopez-Tellez informed Christian Hugo Contreras that Douglas K. Mayes was waiting for the delivery.

## Overt Act Nine

On December 19, 2014, in a telephone conversation, Jesus Noe Lopez-Tellez and Hugo Alejandro Lopez-Tellez discussed several potential drug loads and decided to tell Christian Hugo Contreras to send to Jesus Noe Lopez-Tellez the 40 pounds of marijuana originally to be sent to Hugo Alejandro Lopez-Tellez on December 20, 2014.

## Overt Act Ten

On December 20, 2014, Christian Hugo Contreras sent 40 pounds of marijuana to Jesus Noe Lopez-Tellez.

## Overt Act Eleven

On January 13, 2015, in a series of text messages, Christian Hugo Contreras arranged for Claudia Berenice Hernandez to pick up marijuana the following day.

4

### Overt Act Twelve

On January 14, 2015, in a series of text messages, Christian Hugo Contreras told Claudia Berenice Hernandez that she would take 20 pounds of marijuana to Jesus Noe Lopez-Tellez and that she would deliver additional marijuana to Hugo Alejandro Lopez-Tellez a few days later.

### Overt Act Thirteen

On January 15, 2015, in a series of text messages, Jesus Noe Lopez-Tellez arranged to deliver marijuana to Andrew Ocanas Garza later in the day, and Andrew Ocanas Garza indicated he intended to distribute that marijuana to a customer who had been waiting.

### Overt Act Fourteen

On January 15, 2015, Christian Hugo Contreras sent 20 pounds of marijuana to Jesus Noe Lopez-Tellez, with his couriers, Claudia Berenice Hernandez and Omar Ortiz, who traveled through New Mexico.

### Overt Act Fifteen

On January 16, 2015, in a telephone conversation, Claudia Berenice Hernandez agreed with Christian Hugo Contreras that she and Omar Ortiz would transport marijuana to Hugo Alejandro Lopez-Tellez the following day.

### Overt Act Sixteen

On January 16, 2015, in a telephone conversation, Christian Hugo Contreras and Hugo Alejandro Lopez-Tellez agreed that Christian Hugo Contreras would send 30 pounds of marijuana to Hugo Alejandro Lopez-Tellez the following day.

### Overt Act Seventeen

On January 16, 2015, Claudia Berenice Hernandez and Omar Ortiz left their car with Christian Hugo Contreras so that he could load it with marijuana.

5

### Overt Act Eighteen

On January 17, 2015, Christian Hugo Contreras sent 30 pounds of marijuana to Hugo Alejandro Lopez-Tellez with his couriers, Claudia Berenice Hernandez and Omar Ortiz, who transported it to Roswell, New Mexico.

### Overt Act Nineteen

On January 17, 2015, Hugo Alejandro Lopez-Tellez delivered 30 pounds of marijuana to Douglas K. Mayes.

### Overt Act Twenty

On January 17, 2015, Douglas K. Mayes received 30 pounds of marijuana that he intended to give to other people.

### Overt Act Twenty-One

On January 23, 2015, in a telephone conversation, Christian Hugo Contreras instructed Jesus Noe Lopez-Tellez to get a new telephone and also agreed to send more marijuana to Jesus Noe Lopez-Tellez soon.

### Overt Act Twenty-Two

On January 25, 2015, in a telephone conversation, Jesus Noe Lopez-Tellez and Andrew Ocanas Garza discussed their frustration that Christian Hugo Contreras still had not sent more marijuana to them.

### Overt Act Twenty-Three

On January 28, 2015, in a telephone conversation, Hugo Alejandro Lopez-Tellez and Douglas K. Mayes agreed they were ready for a new shipment of marijuana to be delivered later that week.

6

### Overt Act Twenty-Four

On January 28, 2015, in a telephone conversation, Hugo Alejandro Lopez-Tellez and Christian Hugo Contreras agreed that Christian Hugo Contreras would send 30 pounds of marijuana to Hugo Alejandro Lopez-Tellez later in the week, and Hugo Alejandro Lopez-Tellez confirmed that Christian Hugo Contreras had not already delivered marijuana to Jesus Noe Lopez-Tellez.

### Overt Act Twenty-Five

On January 30, 2015, by text message, Christian Hugo Contreras informed Jesus Noe Lopez-Tellez that he would send marijuana to Jesus Noe Lopez-Tellez the following day.

### Overt Act Twenty-Six

On January 31, 2015, Christian Hugo Contreras sent 20 pounds of marijuana to Jesus Noe Lopez-Tellez with his couriers, Claudia Berenice Hernandez and Omar Ortiz, who transported it to Roswell, New Mexico.

### Overt Act Twenty-Seven

On January 31, 2015, in a telephone conversation, Jesus Noe Lopez-Tellez told Andrew Ocanas Garza that he had received 20 pounds of marijuana that he would deliver to Andrew Ocanas Garza the following day, and Andrew Ocanas Garza indicated he would be home to receive the marijuana.

### Overt Act Twenty-Eight

On January 31, 2015, in a telephone conversation, Christian Hugo Contreras told Hugo Alejandro Lopez-Tellez that Claudia Berenice Hernandez and Omar Ortiz were transporting marijuana to Roswell that night and would deliver it early the next morning.

7

### Overt Act Twenty-Nine

On February 1, 2015, Jesus Noe Lopez-Tellez warned Hugo Alejandro Lopez-Tellez to watch for law enforcement when he received marijuana from Claudia Berenice Hernandez and Omar Ortiz because they had been stopped by law enforcement the previous day and were caught with drug proceeds.

### Overt Act Thirty

On February 1, 2015, Christian Hugo Contreras sent 25 pounds of marijuana to Hugo Alejandro Lopez-Tellez with his couriers, Claudia Berenice Hernandez and Omar Ortiz, who transported it to Roswell, New Mexico.

### Overt Act Thirty-One

On February 1, 2015, Hugo Alejandro Lopez-Tellez delivered 25 pounds of marijuana to Douglas K. Mayes.

### Overt Act Thirty-Two

On February 1, 2015, Douglas K. Mayes received 25 pounds of marijuana that he intended to give to other people.

### Overt Act Thirty-Three

On February 14, 2015, in a telephone conversation, Christian Hugo Contreras told Hugo Alejandro Lopez-Tellez that he only sent 24 pounds of marijuana.

### Overt Act Thirty-Four

On February 14, 2015, Christian Hugo Contreras sent 24 pounds of marijuana to Hugo Alejandro Lopez-Tellez with his couriers, Claudia Berenice Hernandez and Omar Ortiz, who transported it to Roswell, New Mexico.

8

## Overt Act Thirty-Five

On February 14, 2015, Hugo Alejandro Lopez-Tellez delivered 24 pounds of marijuana

to Douglas K. Mayes.

## Overt Act Thirty-Six

On February 14, 2015, Douglas K. Mayes received 24 pounds of marijuana that he

intended to give to other people.

## Overt Act Thirty-Seven

On February 17, 2015, in a series of text messages, Christian Hugo Contreras agreed to

send marijuana to Jesus Noe Lopez-Tellez early the next day.

## Overt Act Thirty-Eight

On February 17, 2015, Claudia Berenice Hernandez and Omar Ortiz drove around for

hours in a rented Nissan Altima trying to make room in the gas tank for Christian Hugo

Contreras to load it with marijuana.

## Overt Act Thirty-Nine

On February 17, 2015, in a series of text messages, Andrew Ocanas Garza asked Jesus

Noe Lopez-Tellez when the next load of marijuana would arrive because Andrew Ocanas Garza

needed more and Jesus Noe Lopez-Tellez indicated the load of marijuana would be delivered on

February 18, 2015.

## Overt Act Forty

On February 18, 2015, Christian Hugo Contreras sent 23 pounds of marijuana to Jesus

Noe Lopez-Tellez with his couriers, Claudia Berenice Hernandez and Omar Ortiz who traveled

through New Mexico.

9

## Overt Act Forty-One

On February 20, 2015, in a telephone conversation, Rodolfo Lopez and Christian Hugo Contreras agreed that Rodolfo Lopez would supply Christian Hugo Contreras with 35 pounds of marijuana.

## Overt Act Forty-Two

On February 20, 2015, Christian Hugo Contreras picked up 35 pounds of marijuana from Rodolfo Lopez and Mayra Elizabeth Martinez-Giron.

## Overt Act Forty-Three

On February 21, 2015, in a telephone conversation, Christian Hugo Contreras told Hugo Alejandro Lopez-Tellez that he sent 35 pounds of marijuana that would be delivered to Hugo Alejandro Lopez-Tellez that day.

## Overt Act Forty-Four

On February 21, 2015, Christian Hugo Contreras sent 35 pounds of marijuana to Hugo Alejandro Lopez-Tellez with his couriers, Claudia Berenice Hernandez and Omar Ortiz, who transported it to Roswell, New Mexico.

## Overt Act Forty-Five

On February 21, 2015, Hugo Alejandro Lopez-Tellez delivered 35 pounds of marijuana to Douglas K. Mayes.

## Overt Act Forty-Six

On February 21, 2015, Douglas K. Mayes received 35 pounds of marijuana that he intended to give to other people.

10

### Overt Act Forty-Seven

On February 21, 2015, Arthur Luna received eight pounds of marijuana from Douglas K. Mayes that Arthur Luna intended to distribute to other people.

### Overt Act Forty-Eight

On March 2, 2015, in a telephone conversation, Christian Hugo Contreras ordered 40 pounds of marijuana from Rodolfo Lopez for later in the week.

### Overt Act Forty-Nine

On March 2, 2015, in a telephone conversation, Christian Hugo Contreras told Jesus Noe Lopez-Tellez that he would not have marijuana until March 4, 2015, and they agreed that it would then be delivered to Jesus Noe Lopez-Tellez early on March 5, 2015.

### Overt Act Fifty

On March 4, 2015, in a telephone conversation, Rodolfo Lopez instructed Christian Hugo Contreras to pick up marijuana from Rodolfo Lopez and Mayra Elizabeth Martinez-Giron's residence because they did not want to assume the risk for storing the marijuana that Christian Hugo Contreras would transport the next day.

### Overt Act Fifty-One

On March 5, 2015, Christian Hugo Contreras picked up additional marijuana from Rodolfo Lopez and Mayra Elizabeth Martinez-Giron's residence and loaded it in Claudia Berenice Hernandez and Omar Ortiz' car for transportation the following day.

### Overt Act Fifty-Two

On March 6, 2015, Christian Hugo Contreras sent 40 pounds of marijuana to Jesus Noe Lopez-Tellez, with his couriers, Claudia Berenice Hernandez and Omar Ortiz, who traveled through New Mexico.

11

### Overt Act Fifty-Three

On March 6, 2015, in a telephone conversation, Christian Hugo Contreras informed Jesus Noe Lopez-Tellez that he sent 40 pound of high quality marijuana, but that if Claudia Berenice Hernandez and Omar Ortiz asked how much they delivered, Jesus Noe Lopez-Tellez should tell them it was only 32 pounds.

### Overt Act Fifty-Four

On March 11, 2015, in a telephone conversation, Christian Hugo Contreras and Claudia Berenice Hernandez agreed that she would still transport marijuana for him even if Omar Ortiz was not available to travel with her.

### Overt Act Fifty-Five

On March 14, 2015, in a telephone conversation, Christian Hugo Contreras and Hugo Alejandro Lopez-Tellez discussed 35 pounds of high quality marijuana that Christian Hugo Contreras was sending for Hugo Alejandro Lopez-Tellez to deliver to Douglas K. Mayes.

### Overt Act Fifty-Six

On March 14, 2015, Christian Hugo Contreras sent 35 pounds of marijuana to Hugo Alejandro Lopez-Tellez with his couriers, Claudia Berenice Hernandez and Omar Ortiz, who transported it to Roswell, New Mexico.

### Overt Act Fifty-Seven

On March 14, 2015, Hugo Alejandro Lopez-Tellez delivered 35 pounds of marijuana to Douglas K. Mayes.

### Overt Act Fifty-Eight

On March 14, 2015, Douglas K. Mayes received 35 pounds of marijuana which he intended to give to other people.

12

### Overt Act Fifty-Nine

On March 27, 2015, Christian Hugo Contreras picked up 35 pounds of marijuana from Rodolfo Lopez and Mayra Elizabeth Martinez-Giron's residence and loaded it into Claudia Berenice Hernandez and Omar Ortiz' car for transportation the following day.

### Overt Act Sixty

On March 28, 2015, Jesus Noe Lopez-Tellez called Hugo Alejandro Lopez-Tellez to inquire as to the status of a load of marijuana that Christian Hugo Contreras was sending that day.

### Overt Act Sixty-One

On March 28, 2015, Christian Hugo Contreras sent 35 pounds of marijuana to Hugo Alejandro Lopez-Tellez with his couriers, Claudia Berenice Hernandez and Omar Ortiz, who transported it to Roswell, New Mexico.

### Overt Act Sixty-Two

On March 28, 2015, Hugo Alejandro Lopez-Tellez delivered 35 pounds of marijuana to Douglas K. Mayes.

### Overt Act Sixty-Three

On March 28, 2015, Douglas K. Mayes received 35 pounds of marijuana which he intended to give to other people.

In violation of 21 U.S.C. § 846.

### Count 2

From on or about November 24, 2014, and continuing to on or about April 11, 2015, in Chaves County, in the District of New Mexico and elsewhere, the defendants, **CHRISTIAN HUGO CONTRERAS, JESUS NOE LOPEZ-TELLEZ, HUGO ALEJANDRO LOPEZ-**

13

TELLEZ, CLAUDIA BERENICE HERNANDEZ and OMAR ORTIZ, unlawfully,

knowingly and intentionally combined, conspired, confederated, agreed and acted

interdependently with each other and with other persons whose names are known and unknown

to the Grand Jury to commit an offense against the United States, specifically, money laundering,

contrary to 1956(a)(2)(A).

## Overt Acts

In furtherance of the conspiracy, and to accomplish the objectives of the conspiracy, the

following acts, among others, were committed:

### Overt Act One

On November 25, 2014, Hugo Alejandro Lopez-Tellez gave $5,000 in drug proceeds to

Claudia Berenice Hernandez and Omar Ortiz, and they transported the money to Christian Hugo

Contreras.

### Overt Act Two

On December 2, 2014, Christian Hugo Contreras and Hugo Alejandro Lopez-Tellez

arranged to have Claudia Berenice Hernandez and Omar Ortiz drive to Hugo Alejandro Lopez-

Tellez' residence in order pick up part of the drug proceeds from Douglas K. Mayes after they

delivered marijuana to Jesus Noe Lopez-Tellez later in the week.

### Overt Act Three

On December 4, 2014, at the direction of Christian Hugo Contreras, Hugo Alejandro

Lopez-Tellez gave $1,000 of drug proceeds to Claudia Berenice Hernandez and Omar Ortiz

"covered up" so that they could hide the money while they transported it back to Christian Hugo

Contreras.

14

## Overt Act Four

On January 15, 2015, while Claudia Berenice Hernandez and Omar Ortiz were delivering marijuana to Jesus Noe Lopez-Tellez, Christian Hugo Contreras called and instructed them to travel to Roswell to pick up drug proceeds from Hugo Alejandro Lopez-Tellez.

## Overt Act Five

On January 15, 2015, Hugo Alejandro Lopez-Tellez provided drug proceeds to Claudia Berenice Hernandez and Omar Ortiz, and they transported the money back to Christian Hugo Contreras.

## Overt Act Six

On January 17, 2015, while delivering marijuana to Hugo Alejandro Lopez-Tellez, Claudia Berenice Hernandez and Omar Ortiz received drug proceeds from him which they transported back and delivered to Christian Hugo Contreras.

## Overt Act Seven

On January 23, 2015, in a telephone conversation, Hugo Alejandro Lopez-Tellez informed Christian Hugo Contreras that he had drug proceeds to pay Christian Hugo Contreras.

## Overt Act Eight

On January 31, 2015, in a telephone conversation, Christian Hugo Contreras and Jesus Noe Lopez-Tellez discussed the price of the marijuana that Christian Hugo Contreras had provided, and that Jesus Noe Lopez-Tellez sent about $10,100 in proceeds with Claudia Berenice Hernandez and Omar Ortiz after they delivered marijuana to Jesus Noe Lopez-Tellez earlier that day.

## Overt Act Nine

On January 31, 2015, Jesus Noe Lopez-Tellez provided Claudia Berenice Hernandez and Omar Ortiz $10,115 in drug proceeds that they hid within the back seat of their car in order to

transport the money back to Christian Hugo Contreras undetected, but the money was seized by law enforcement during a traffic stop.

## Overt Act Ten

On February 4, 2015, Jesus Noe Lopez-Tellez met with Andrew Ocanas Garza and received half of the drug proceeds that Andrew Ocanas Garza owed to Christian Hugo Contreras.

## Overt Act Eleven

On February 14, 2015, after receiving marijuana from them, Hugo Alejandro Lopez-Tellez gave drug proceeds to Claudia Berenice Hernandez and Omar Ortiz, and they transported and later delivered the money to Christian Hugo Contreras.

## Overt Act Twelve

On February 14, 2015, after receiving Hugo Alejandro Lopez-Tellez' drug proceeds from Claudia Berenice Hernandez and Omar Ortiz, Christian Hugo Contreras delivered the drug money to Mayra Elizabeth Martinez-Giron.

## Overt Act Thirteen

On March 6, 2015, Rodolfo Lopez explained to Christian Hugo Contreras the breakdown of the $11,700 in drug proceeds that Christian Hugo Contreras owed. Christian Hugo Contreras refused to pay the entire amount at that time, but told Rodolfo Lopez where to pick up part of the drug money which was hidden in one of Christian Hugo Contreras's trucks.

## Overt Act Fourteen

On March 15, 2015, Christian Hugo Contreras picked up Hugo Alejandro Lopez-Tellez' drug proceeds from Claudia Berenice Hernandez and Omar Ortiz and then delivered the drug money to Rodolfo Lopez.

16

### Overt Act Fifteen

On March 28, 2015, Douglas K. Mayes provided $12,051 drug proceeds to Hugo Alejandro Lopez-Tellez, which he in turn provided to Claudia Berenice Hernandez and Omar Ortiz to transport to Christian Hugo Contreras. The drug proceeds were seized during a traffic stop and Claudia Berenice Hernandez and Omar Ortiz attempted to explain the money as legitimate earnings based on bank statements they had with them.

In violation of 18 U.S.C. § 1956(h).

### Count 3

From on or about November 24, 2014, and continuing to on or about March 31, 2015, in Chaves County, in the District of New Mexico, the defendants, **JESUS NOE LOPEZ-TELLEZ** and **HUGO ALEJANDRO LOPEZ-TELLEZ**, while managing or controlling a residence at 909 Avenida Manana in Roswell, New Mexico, knowingly and intentionally did make it available for the purpose of unlawfully storing a controlled substance, marijuana.

In violation of 21 U.S.C. § 856(a)(2), and 18 U.S.C. § 2.

### Count 4

From on or about November 24, 2014, and continuing to on or about April 22, 2015, in Chaves County, in the District of New Mexico, the defendant, **DOUGLAS K. MAYES**, while managing or controlling a residence at 1211 W. Deming Street in Roswell, New Mexico, knowingly and intentionally did make it available for the purpose of unlawfully storing a controlled substance, marijuana.

In violation of 21 U.S.C. § 856(a)(2), and 18 U.S.C. § 2.

### Count 5

On or about November 24, 2014, in Chaves County, in the District of New Mexico, the defendants, **CHRISTIAN HUGO CONTRERAS** and **HUGO ALEJANDRO LOPEZ-**

17

TELLEZ, unlawfully, knowingly and intentionally did use a communication facility, to wit: a

telephone, to further the commission of a drug trafficking crime, to wit: conspiracy to possess

with intent to distribute a controlled substance, contrary to 21 U.S.C. § 846.

In violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2.

### Count 6

On or about November 25, 2014, in Chaves County, in the District of New Mexico, the

defendants, **CHRISTIAN HUGO CONTRERAS, CLAUDIA BERENICE HERNANDEZ**

and **OMAR ORTIZ**, unlawfully, knowingly and intentionally possessed with intent to distribute

marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2.

### Count 7

On or about November 25, 2014, in Chaves County, in the District of New Mexico, the

defendant, **HUGO ALEJANDRO LOPEZ-TELLEZ**, unlawfully, knowingly and intentionally

distributed marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2.

### Count 8

On or about November 25, 2014, in Chaves County, in the District of New Mexico, the

defendant, **DOUGLAS K. MAYES**, unlawfully, knowingly and intentionally possessed with

intent to distribute marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2.

### Count 9

On or about December 15, 2014, in Chaves County, in the District of New Mexico, the

defendants, **CHRISTIAN HUGO CONTRERAS** and **HUGO ALEJANDRO LOPEZ-**

18

TELLEZ, unlawfully, knowingly and intentionally did use a communication facility, to wit: a telephone, to further the commission of a drug trafficking crime, to wit: conspiracy to possess with intent to distribute a controlled substance, contrary to 21 U.S.C. § 846.

In violation of 21 U.S.C. § 843(b), and 18 U.S.C. § 2.

### Count 10

On or about December 19, 2014, in Chaves County, in the District of New Mexico, the defendants, **CHRISTIAN HUGO CONTRERAS and HUGO ALEJANDRO LOPEZ-TELLEZ**, unlawfully, knowingly and intentionally did use a communication facility, to wit: a telephone, to further the commission of a drug trafficking crime, to wit: conspiracy to possess with intent to distribute a controlled substance, contrary to 21 U.S.C. § 846.

In violation of 21 U.S.C. § 843(b), and 18 U.S.C. § 2.

### Count 11

On or about January 15, 2015, in Eddy County, in the District of New Mexico, the defendants, **CHRISTIAN HUGO CONTRERAS, CLAUDIA BERENICE HERNANDEZ** and **OMAR ORTIZ**, unlawfully, knowingly and intentionally possessed with intent to distribute marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2.

### Count 12

On or about January 16, 2015, in Chaves County, in the District of New Mexico, the defendants, **CHRISTIAN HUGO CONTRERAS and HUGO ALEJANDRO LOPEZ-TELLEZ**, unlawfully, knowingly and intentionally did use a communication facility, to wit: a telephone, to further the commission of a drug trafficking crime, to wit: conspiracy to possess with intent to distribute a controlled substance, contrary to 21 U.S.C. § 846.

In violation of 21 U.S.C. § 843(b), and 18 U.S.C. § 2.

## Count 13

On or about January 17, 2015, in Chaves County, in the District of New Mexico, the

defendants, **CHRISTIAN HUGO CONTRERAS, CLAUDIA BERENICE HERNANDEZ**

and

**OMAR ORTIZ,** unlawfully, knowingly and intentionally possessed with intent to distribute

marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2.

## Count 14

On or about January 17, 2015, in Chaves County, in the District of New Mexico, the

defendant, **HUGO ALEJANDRO LOPEZ-TELLEZ,** unlawfully, knowingly and intentionally

distributed marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2.

## Count 15

On or about January 17, 2015, in Chaves County, in the District of New Mexico, the

defendant, **DOUGLAS K. MAYES,** unlawfully, knowingly and intentionally possessed with

intent to distribute marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2.

## Count 16

On or about January 28, 2015, in Chaves County, in the District of New Mexico, the

defendants, **HUGO ALEJANDRO LOPEZ-TELLEZ** and **DOUGLAS K. MAYES,**

unlawfully, knowingly and intentionally did use a communication facility, to wit: a telephone, to

20

further the commission of a drug trafficking crime, to wit: conspiracy to possess with intent to

distribute a controlled substance, contrary to 21 U.S.C. § 846.

In violation of 21 U.S.C. § 843(b), and 18 U.S.C. § 2.

### Count 17

On or about January 28, 2015, in Chaves County, in the District of New Mexico, the

defendants, **CHRISTIAN HUGO CONTRERAS** and **HUGO ALEJANDRO LOPEZ-**

**TELLEZ**, unlawfully, knowingly and intentionally did use a communication facility, to wit: a

telephone, to further the commission of a drug trafficking crime, to wit: conspiracy to possess

with intent to distribute a controlled substance, contrary to 21 U.S.C. § 846.

In violation of 21 U.S.C. § 843(b), and 18 U.S.C. § 2.

### Count 18

On or about January 31, 2015, in Eddy County, in the District of New Mexico, the

defendants, **CHRISTIAN HUGO CONTRERAS, CLAUDIA BERENICE HERNANDEZ**

and **OMAR ORTIZ**, unlawfully, knowingly and intentionally possessed with intent to distribute

marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2.

### Count 19

On or about January 31, 2015, in Eddy County, in the District of New Mexico, the

defendants, **JESUS NOE LOPEZ-TELLEZ, CLAUDIA BERENICE HERNANDEZ** and

**OMAR ORTIZ**, did knowingly conduct and attempt to conduct a financial transaction affecting

interstate and foreign commerce, specifically, to deliver of $10,115 in drug proceeds, which

involved the proceeds of a specified unlawful activity, possession with intent to distribute

marijuana, knowing that the transaction was designed in whole and in part to conceal and

disguise the nature, location and source of the proceeds of said specified unlawful activity and

that while conducting and attempting to conduct such financial transaction, knew that the

property involved in the financial transaction represented the proceeds of some form of unlawful

activity.

In violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), and 2.

### Count 20

On or about January 31, 2015, in Chaves County, in the District of New Mexico, the

defendants, **CHRISTIAN HUGO CONTRERAS** and **HUGO ALEJANDRO LOPEZ-**

**TELLEZ,** unlawfully, knowingly and intentionally did use a communication facility, to wit: a

telephone, to further the commission of a drug trafficking crime, to wit: conspiracy to possess

with intent to distribute a controlled substance, contrary to 21 U.S.C. § 846.

In violation of 21 U.S.C. § 843(b), and 18 U.S.C. § 2.

### Count 21

On or about February 1, 2015, in Chaves County, in the District of New Mexico, the

defendants, **CHRISTIAN HUGO CONTRERAS, CLAUDIA BERENICE HERNANDEZ**

and **OMAR ORTIZ,** unlawfully, knowingly and intentionally possessed with intent to distribute

marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2.

### Count 22

On or about February 1, 2015, in Chaves County, in the District of New Mexico, the

defendant, **HUGO ALEJANDRO LOPEZ-TELLEZ,** unlawfully, knowingly and intentionally

distributed marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2.

## Count 23

On or about February 1, 2015, in Chaves County, in the District of New Mexico, the defendant, **DOUGLAS K. MAYES**, unlawfully, knowingly and intentionally possessed with intent to distribute marijuana.

In violation of 21 U.S.C. §§ 841(a)(1), and (b)(1)(D), and 18 U.S.C. § 2.

## Count 24

On or about February 14, 2015, in Chaves County, in the District of New Mexico, the defendants, **CHRISTIAN HUGO CONTRERAS** and **HUGO ALEJANDRO LOPEZ-TELLEZ**, unlawfully, knowingly and intentionally did use a communication facility, to wit: a telephone, to further the commission of a drug trafficking crime, to wit: conspiracy to possess with intent to distribute a controlled substance, contrary to 21 U.S.C. § 846.

In violation of 21 U.S.C. § 843(b), and 18 U.S.C. § 2.

## Count 25

On or about February 14, 2015, in Chaves County, in the District of New Mexico, the defendants, **CHRISTIAN HUGO CONTRERAS, CLAUDIA BERENICE HERNANDEZ** and **OMAR ORTIZ**, unlawfully, knowingly and intentionally possessed with intent to distribute marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2.

## Count 26

On or about February 14, 2015, in Chaves County, in the District of New Mexico, the defendant, **HUGO ALEJANDRO LOPEZ-TELLEZ**, unlawfully, knowingly and intentionally distributed marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2.

23

## Count 27

On or about February 14, 2015, in Chaves County, in the District of New Mexico, the defendant, **DOUGLAS K. MAYES**, unlawfully, knowingly and intentionally possessed with intent to distribute marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2.

## Count 28

On or about February 18, 2015, in Eddy County, in the District of New Mexico, the defendants, **CHRISTIAN HUGO CONTRERAS, CLAUDIA BERENICE HERNANDEZ** and **OMAR ORTIZ**, unlawfully, knowingly and intentionally possessed with intent to distribute marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2.

## Count 29

On or about February 21, 2015, in Chaves County, in the District of New Mexico, the defendants, **CHRISTIAN HUGO CONTRERAS** and **HUGO ALEJANDRO LOPEZ-TELLEZ**, unlawfully, knowingly and intentionally did use a communication facility, to wit: a telephone, to further the commission of a drug trafficking crime, to wit: conspiracy to possess with intent to distribute a controlled substance, contrary to 21 U.S.C. § 846.

In violation of 21 U.S.C. § 843(b), and 18 U.S.C. § 2.

## Count 30

On or about February 21, 2015, in Chaves County, in the District of New Mexico, the defendants, **CHRISTIAN HUGO CONTRERAS, CLAUDIA BERENICE HERNANDEZ** and **OMAR ORTIZ**, unlawfully, knowingly and intentionally possessed with intent to distribute marijuana.

24

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2.

### Count 31

On or about February 21, 2015, in Chaves County, in the District of New Mexico, the defendant, **HUGO ALEJANDRO LOPEZ-TELLEZ**, unlawfully, knowingly and intentionally distributed marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2.

### Count 32

On or about February 21, 2015, in Chaves County, in the District of New Mexico, the defendant, **DOUGLAS K. MAYES**, unlawfully, knowingly and intentionally distributed marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2.

### Count 33

On or about February 21, 2015, in Chaves County, in the District of New Mexico, the defendant, **ARTHUR LUNA**, unlawfully, knowingly and intentionally possessed with intent to distribute marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2.

### Count 34

On or about March 6, 2015, in Lea County, in the District of New Mexico, the defendants, **CHRISTIAN HUGO CONTRERAS, CLAUDIA BERENICE HERNANDEZ** and **OMAR ORTIZ**, unlawfully, knowingly and intentionally possessed with intent to distribute marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2.

## Count 35

On or about March 14, 2015, in Chaves County, in the District of New Mexico, the

defendants, **CHRISTIAN HUGO CONTRERAS** and **HUGO ALEJANDRO LOPEZ-**

**TELLEZ**, unlawfully, knowingly and intentionally did use a communication facility, to wit: a

telephone, to further the commission of a drug trafficking crime, to wit: conspiracy to possess

with intent to distribute a controlled substance, contrary to 21 U.S.C. § 846.

In violation of 21 U.S.C. § 843(b), and 18 U.S.C. § 2.

## Count 36

On or about March 6, 2015, in Chaves County, in the District of New Mexico, the

defendants, **CHRISTIAN HUGO CONTRERAS, CLAUDIA BERENICE HERNANDEZ**

and **OMAR ORTIZ**, unlawfully, knowingly and intentionally possessed with intent to distribute

marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2.

## Count 37

On or about March 14, 2015, in Chaves County, in the District of New Mexico, the

defendant, **HUGO ALEJANDRO LOPEZ-TELLEZ**, unlawfully, knowingly and intentionally

distributed marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2.

## Count 38

On or about March 14, 2015, in Chaves County, in the District of New Mexico, the

defendant, **DOUGLAS K. MAYES**, unlawfully, knowingly and intentionally possessed with

intent to distribute marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2.

26

## Count 39

On or about March 28, 2015, in Chaves County, in the District of New Mexico, the

defendants, **CHRISTIAN HUGO CONTRERAS, CLAUDIA BERENICE HERNANDEZ**

and **OMAR ORTIZ**, unlawfully, knowingly and intentionally possessed with intent to distribute

marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2.

## Count 40

On or about March 28, 2015, in Chaves County, in the District of New Mexico, the

defendant, **HUGO ALEJANDRO LOPEZ-TELLEZ**, unlawfully, knowingly and intentionally

distributed marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2.

## Count 41

On or about March 28, 2015, in Chaves County, in the District of New Mexico, the

defendant, **DOUGLAS K. MAYES**, unlawfully, knowingly and intentionally possessed with

intent to distribute marijuana.

In violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and 18 U.S.C. § 2.

## Count 42

On or about March 28, 2015, in Eddy County, in the District of New Mexico, the

defendants, **CHRISTIAN HUGO CONTRERAS,  HUGO ALEJANDRO LOPEZ-TELLEZ,**

**DOUGLAS K. MAYES, CLAUDIA BERENICE HERNANDEZ and OMAR ORTIZ**, did

knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign

commerce, specifically, to deliver $12,051 in drug proceeds, which involved the proceeds of a

specified unlawful activity, possession with intent to distribute marijuana, knowing that the

27

transaction was designed in whole and in part to conceal and disguise the nature, location and source of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

In violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), and 2.

## FORFEITURE ALLEGATION

The allegations set forth in Counts 1 through 42 of this Indictment are hereby realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to the provision of 21 U.S.C. § 853.

Upon conviction of any offense in violation of 21 U.S.C. §§ 841 and 846, the defendants, **RODOLFO LOPEZ, MAYRA ELIZABETH MARTINEZ-GIRON, CHRISTIAN HUGO CONTRERAS, JESUS NOE LOPEZ-TELLEZ, HUGO ALEJANDRO LOPEZ-TELLEZ, ANDREW OCANAS GARZA, DOUGLAS K. MAYES, CLAUDIA BERENICE HERNANDEZ, OMAR ORTIZ,** and **ARTHUR LUNA,** shall forfeit to the United States pursuant to 21 U.S.C. § 853 any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of each offense for which the defendants are convicted, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offenses.

If any property being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

28

   c.    has been placed beyond the jurisdiction of the court;

   d.    has been substantially diminished in value, or;

   e.    has been commingled with other property that cannot be divided without

difficulty;

it is the intent of the United States of America to seek forfeiture of any properties of the

defendants up to $136,750 in United States Currency.

A TRUE BILL:

/s/
FOREPERSON OF THE GRAND JURY

Assistant United States Attorney

29